UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JASON HANANIA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01204 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT, | ) | [Re: Motion at Docket 11 ] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 11, defendant the Executive Office of the President ("EOP") moves to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.  Plaintiff Jason Hanania ("Mr. Hanania") opposes the motion at docket 12.  The EOP's reply is at docket 13.  Oral argument was not requested, but would not assist the court.

## II.  BACKGROUND

Mr. Hanania is a former employee of the Federal Bureau of Investigation ("FBI"). Initially displeased with his assignment to a drug squad, Mr. Hanania was subsequently upset by alleged sexual harassment within the squad and the seeming absence of his

supervisors. His requests to be transferred to an intelligence unit were denied. Mr. Hanania claims that he was threatened with disciplinary action and criminal investigation for requesting a transfer and that he was ultimately forced to resign from the FBI for attempting to make whistleblower disclosures of perceived mismanagement within the agency.

### III.  STANDARD OF REVIEW

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[1] Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[2] The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[3]

**B. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4] Dismissal for failure to

---

[1] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[2] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[3] *Id.*

[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

---

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[8] *Id.*

[9] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[11] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.  DISCUSSION

**A. Plaintiff's Petition for Mandamus is Not Barred by Sovereign Immunity**

The EOP argues that subject matter jurisdiction is lacking because plaintiff has not identified a waiver of sovereign immunity.[12]  Mr. Hanania counters that sovereign immunity does not bar constitutional claims.[13]  Mr. Hanania, however, did not plead any constitutional claims.  His complaint is framed as a petition for mandamus, and he implores the court to "mandate [that] the Office of the President provide for proper enforcement of . . . 5 U.S.C. § 2303."[14]  It is clear that Mr. Hanania is seeking a writ of mandamus.  By statute, "district courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[15]

Sovereign immunity does not apply in actions for mandamus.[16]  In *Minnesota v. Hitchcock*, the Supreme Court recognized that a suit against an officer of the United States was, in effect, a suit against the United States.[17]  But, the Court also recognized

---

[12]Doc. 11 at 6–9.

[13]Doc. 12 at 1.

[14]Doc. 8 at 17.  Section 2303 of Title 5 protects FBI whistleblowers–otherwise exempted from the protections of the Civil Service Reform Act, 5 U.S.C. § 2302–from reprisal for their disclosures.

[15]28 U.S.C. § 1361.

[16]*See Houston v. Ormes*, 252 U.S. 469, 472–74 (1920); *Minnesota v. Hitchcock*, 185 U.S. 373, 386 (1902).  *See also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170 (1803) ("It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done that the propriety or impropriety of issuing a mandamus, is to be determined.").

[17]*Hitchcock*, 185 U.S. at 386.

that "this statement has no reference to and does not include those cases in which officers of the United States are sued, in appropriate form, to compel them to perform some ministerial duty imposed upon them by law."[18] The principle that sovereign immunity does not bar actions for mandamus, however, does not mean that actions for mandamus against the President are available.

**B. Separation of Powers May Preclude the Relief Sought**

The EOP correctly points to several cases recognizing the constitutional difficulty of entertaining an action for mandamus against the President.[19] On the one hand, the Supreme Court has expressly "left open the question whether the President might be subject to a judicial injunction requiring the performance of a purely 'ministerial' duty."[20] Generally, however, federal courts are without "jurisdiction of a bill to enjoin the President in the performance of his official duties."[21] The "extraordinary" question of whether any federal court may compel official action by the President is generally avoided and is easily avoided here because Mr. Hanania has not supported an action for mandamus.[22]

**C. Mr. Hanania Has Not Adequately Pled An Action For Mandamus**

Assuming, for purposes of this motion, that a federal court could constitutionally award such relief against the President, a writ of mandamus is unavailable on these

---

[18] *Id.*

[19] Doc. 11 at 10.

[20] *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992).

[21] *Mississippi v. Johnson*, 4 Wall. 475, 498–99 (1867).

[22] *See, e.g.*, *Franklin*, 505 U.S. at 802, 803.

facts. "Mandamus relief is available to compel an official of the United States to perform a duty owed to an individual only if (1) the individual's claim is clear and certain; (2) the official's duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."[23] Mr. Hanania has not met any of these criteria.

Mr. Hanania's claim is not clear and certain because the allegedly unlawful delegation of presidential authority is permitted by statute. Mr. Hanania believes that the President improperly delegated his authority to enforce the FBI whistleblower reprisal statute to the Attorney General.[24] Section 301 of Title 3 explicitly authorizes the President "to designate and empower the head of any department or agency in the executive branch . . . to perform without approval, ratification, or other action by the President (1) any function which is vested in the President by law."[25] As the EOP correctly points out, the President lawfully delegated his authority under 5 U.S.C. § 2303(c) to the Attorney General, who heads of the Department of Justice. Mr. Hanania has not asserted a clear and certain claim that the President acted unlawfully.

Moreover, the official duty sought to be enforced is neither ministerial nor plainly prescribed. Mr. Hanania seeks an order compelling the President to enforce the FBI whistleblower reprisal statute "by simply enabling an [Office of Special Counsel ("OSC")] investigation into" various issues.[26] Section 2303(c) provides that "[t]he President shall

[23]*Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986).

[24]Doc. 8 at 19.

[25]3 U.S.C. § 301.

[26]Doc. 8 at 23–25.

provide for the enforcement of this section *in a manner consistent with* applicable provisions of sections 1214 and 1221 of this title."[27]  Section 1214 describes OSC investigation procedures.  Enforcement of § 2303 is to be undertaken "in a manner consistent with" § 1214–not, for instance, "according to," or "as described in" § 1214.  Congress therefore clearly injected an element of presidential discretion into enforcement of § 2303.  Consequently, the relief sought by Mr. Hanania is not ministerial or clearly prescribed, and Mr. Hanania cannot maintain an action for mandamus.

Mr. Hanania alleges that he has exhausted other available remedies.  Mr. Hanania maintains that he filed complaints with both the Department of Justice Office of the Inspector General and Office of Professional Responsibility and that both offices refused to investigate.  However, just because those offices refused to investigate Mr. Hanania's complaints does not mean that the remedies available to him were inadequate.  As the EOP describes in its motion, there is an elaborate scheme in place to accommodate FBI whistleblower disclosure.[28]  The EOP maintains that "[p]laintiff's argument that the process should be external to the DOJ is a dispute with the remedy provided by Congress . . . not with the adequacy of the regulations established by the President."[29]  The court agrees.  Mr. Hanania has not established that no other *adequate* remedy is available to him.  Mr. Hanania has therefore not supported an action for mandamus.

---

[27] 5 U.S.C. § 2303(c) (emphasis added).

[28] *See* 28 C.F.R. §§ 27.1–27.6.

[29] Doc. 11 at 16.

## V.  CONCLUSION

For the foregoing reasons, defendant the EOP's motion at docket 11, to dismiss the case for failure to state a claim pursuant to Federal Rule 12(b)(6) is **GRANTED** and the case is **DISMISSED**.

DATED this 8th day of November 2010.

<div style="text-align: right;">
/s/ JOHN W. SEDWICK<br>
UNITED STATES DISTRICT JUDGE
</div>